J-S81003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NICHOLAS L. BOWEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CLYDE K. MIDDLETON | |
| Appellee | No. 1072 MDA 2018 |

Appeal from the Order Entered September 27, 2017
In the Court of Common Pleas of Columbia County
Civil Division at No: DT-6613 No. 2015-CV-673

BEFORE:  STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2019**

Appellant, Nicholas L. Bowen, appeals *pro se* from the September 27 2017 order granting judgment on the pleadings in favor of Appellee, Clyde K. Middleton in this legal malpractice action against Appellee.  We affirm.

In the underlying criminal action, Appellant pled guilty to first-degree murder in connection with the rape and murder of a four-year-old girl. Appellant was seventeen years old at the time of the offense.  On September 30, 1998, the trial court sentenced Appellant to life in prison without parole.

On February 20, 2013, Appellee entered his appearance on behalf of Appellant for Appellant's appeal of the dismissal of a serial petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Appellant

---

[*] Former Justice specially assigned to the Superior Court.

asked Appellee to challenge his sentence based on the United States Supreme Court's opinion in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), which prohibited mandatory sentences of life without parole for juvenile offenders. Appellant's appeal was continued, on motion of the Commonwealth, pending the outcome of **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). The **Cunningham** Court issued its opinion on October 30, 2013, holding that **Miller** was not retroactive. Appellant's appeal was therefore dismissed on December 9, 2013, and Appellee pursued the matter no further.

On January 27 2016, however, the United States Supreme Court issued its opinion in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016) holding that **Miller** applied retroactively. The Pennsylvania Supreme Court, in **Commonwealth v. Batts**, 163 A.3d 410, 439 n.8 (Pa. 2017), recognized that **Montgomery** abrogated **Cunningham**. Thereafter, Appellant filed another PCRA petition and received a new sentencing proceeding based on **Miller** and **Montgomery**.[1]

Appellant commenced this malpractice action against Appellee on May 20, 2015, alleging that Appellee committed malpractice in failing to challenge the December 9, 2013 dismissal of his appeal pursuant to **Cunningham**. Appellee filed preliminary objections, and Appellant filed an amended

---

[1] On resentencing, the trial court once again imposed life in prison without parole. This Court vacated the new sentence and remanded for further proceedings. **Commonwealth v. Bowen**, 1078 WDA 2017 (Pa. Super. September 5, 2018) (unpublished memorandum).

- 2 -

complaint on March 7, 2016. Appellee filed an answer and new matter on March 28, 2016 and a motion for judgment on the pleadings on April 21, 2016. Appellant filed a motion for summary judgment on June 13, 2017. The trial court heard argument on July 14, 2017 and subsequently entered an order granting Appellee's motion. This timely appeal followed.

Our standard of review is well settled:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

**Bowman v. Sunoco, Inc.**, 986 A.2d 883, 886 (Pa. Super. 2009), **affirmed**, 65 A.3d 901 (Pa. 2013).

To succeed on a tort-based legal malpractice cause of action, a plaintiff must prove that 1) he employed the attorney; 2) the attorney failed to exercise ordinary skill and knowledge; and 3) that such failure was the proximate cause of harm to the plaintiff. **Wachovia Bank, N.A. v. Feretti**, 935 A.2d 565, 570-71 (Pa. Super. 2007). If the claim is based on breach of

contract (Appellant is not specific) the plaintiff must prove that the attorney failed to provide the plaintiff "with professional services consistent with those expected of the profession at large." *Id.*

Appellant's cause of action fails under either scenario. As of the December 9, 2013 dismissal of his appeal, the Pennsylvania Supreme Court's opinion in *Cunningham* was controlling, and it precluded retroactive application of *Miller* to Appellant's criminal sentence. The United States Supreme Court had yet to address the issue. Appellant fails to explain how Appellee committed legal malpractice by failing to pursue the matter further. In any event, Appellant successfully sought a new sentencing proceeding after *Montgomery* abrogated *Cunningham*. Thus, Appellant has received relief under the substantive holding of *Miller*, which is precisely the relief he hoped Appellee would obtain for him. Appellant cannot prove damages, regardless of whether his claim against Appellee is based in tort or contract. We therefore affirm the order entering judgment on the pleadings in favor of Appellee.[2]

Order affirmed. Jurisdiction relinquished.

---

[2] Appellant also purports to appeal from the trial court's denial of his motion for summary judgment. Ordinarily, an order denying summary judgment is interlocutory and not immediately appealable. *Maas v. UPMC Presbyterian Shadyside*, 192 A.3d 1139, 1141 n.1 (Pa. Super. 2018). We discern no reason to conclude otherwise in this case, and even if we did, the appeal would fail for reasons explained in the main text.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019